UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYME KATKHOUDA )<br>3168 17th Street, NW )<br>Washington, DC 20010, )<br> )<br> Plaintiff, )<br> )<br>  v. )<br> )<br>PACIFICA FOUNDATION )<br>1925 Martin Luther King Jr. Way )<br>Berkeley, CA 94704 )<br>_____) | Case No.: |

**COMPLAINT**
**(Discrimination and retaliation in violation of the**
**federal Civil Rights Act and DC Human Rights Act)**

Parties

1. Plaintiff is Ms. Ryme Katkhouda, an Arab female of Syrian dissent and a resident of the District of Columbia. As relevant to this Complaint, Plaintiff worked for Defendant from 2003 until May 2005, when she was terminated.

2. Defendant is Pacifica Foundation, a California corporation doing business in the District of Columbia through its affiliate radio station WPFW. As relevant to this Complaint, Defendant employed Plaintiff for pay from 2003 until May 2005, when it terminated her.

Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in the District of Columbia and relate to the business activities of the Defendant in the District of Columbia.

Facts

5. In February 2003, Plaintiff began working for pay as a Senior Producer and News Trainer with the Defendant, though its Washington, DC radio station affiliate, WPFW.

6. At the commencement of this position, Tony Regusters was the interim WPFW station manager. Under their agreement, Regusters would serve as Plaintiff's supervisor, and Plaintiff would receive an annual salary of $36,400. Plaintiff would hold management responsibilities, including budget responsibilities, program management, production, training, and on-air programming duties.

7. Later in 2003, Ronald Pinchback took over the position of station manager and became Plaintiff's supervisor.

8. Mr. Pinchback was an agent of Defendant during the time of the events described in this complaint.

9. Defendant, through Mr. Pinchack, removed Plaintiff from the position of coproducer of the radio show "Metrowatch."

10. In 2004, Defendant created the position of WPFW News Director.

11. Plaintiff was highly qualified to serve as WPFW News Director. She had previously managed news programming and departmental budget.

12. Defendant, through Mr. Pinchback, hired an African American female for the position of WPFW News Director. Plaintiff was better qualified for this position. Plaintiff was denied the opportunity to compete for this position.

13. Defendant eliminated Plaintiff's management responsibilities.

14. Defendant excluded Plaintiff from management meetings.

15. Defendant barred Plaintiff from the airwaves for approximately two months in 2005.

16. The purported basis for barring Plaintiff from the airwaves was a single use of profanity by a poet reciting a political and artistic piece over the air. However, similar (or more extreme and less justifiable) uses of profanity resulted in no punishment for hosts and producers in other instances. Those other, similarly situated, hosts and producers, unlike Plaintiff, were not Arab or of Syrian dissent.

17. In early April 2005, Defendant delivered a memorandum, dated April 1, 2005, to various national and local management officials of Defendant, including: Dan Coughlin, Executive Director, Pacifica, Inc.; Ambrose Lane, Sr., Chairperson, Pacifica National Foundation National Board; Mark Roberts, Rob Robinson, and Zarinah Shakir, each of whom were WPFW Representatives on the National Board; and WPFW Local Station Board Members Hakam Takash and Thomas Ruffin.

18. The April 1, 2005, memorandum was titled "DISCRIMINATION COMPLAINT BY RYNE KATHHOUDA AGAINST PACIFICA FOUNDATION, INC., AND WPFW RADIO STATION." The memorandum

spanned 12 pages and detailed a number of complaints of discrimination on the basis of Plaintiffs' race, ethnicity, national origin, and gender.

19. This memorandum followed Plaintiff's multiple verbal complaints of and opposition to discrimination by Defendant against her.

20. In May, 2005, Plaintiff was terminated from her paid position with Defendant.

**Claims**

### COUNT I – RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT

21. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

22. Plaintiff received a Notice of Right to Sue from the EEOC within ninety days prior to the filing of this matter.

23. Plaintiff's April 1, 2005, memorandum, described above, constitutes protected activities under the Civil Rights Act, 42 U.S.C. § 2000e-3.

24. Plaintiff's actions in opposing and complaining of discrimination were protected activities under the Civil Rights Act, 42 U.S.C. § 2000e-3.

25. Defendant terminated Plaintiff's employment in May 2005.

26. Plaintiff's engagement in protected activities was a substantial contributing factor in the Defendant's decision to take the above-described actions.

27. As a consequence of Defendant's actions, Plaintiff has suffered harm, including lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

## COUNT II – RETALIATION IN VIOLATION OF
## THE DC HUMAN RIGHTS ACT

28. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

29. Plaintiff's April 1, 2005, memorandum, described above, constitutes protected activities under the D.C. Human Rights Act, D.C. Code § 2-1401 *et seq*.

30. Plaintiff's actions in opposing and complaining of discrimination were protected activities under the D.C. Human Rights Act, D.C. Code § 2-1401 *et seq*.

31. Defendant terminated Plaintiff's employment in May 2005.

32. Plaintiff's engagement in protected activities was a substantial contributing factor in the Defendant's decision to take the above-described actions.

33. As a consequence of Defendant's actions, Plaintiff has suffered harm, including lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

## COUNT III – DISCRIMINATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT AND DC HUMAN RIGHTS ACT

34. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

35. Plaintiff was denied the opportunity to apply for the position of News Director, although she was qualified, as described above.

36. Defendant undermined Plaintiff's responsibilities, as described above.

37. Defendant terminated Plaintiff and took other adverse employment actions against her, as described above.

38. Plaintiff's race, national origin, ethnicity, and gender were substantial contributing factors in the Defendant's decision to take the above-described actions.

39. As a consequence of Defendant's actions, Plaintiff has suffered harm, including lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

**Prayer for Relief**

40. WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

    A. entry of a declaratory order that Defendant's actions violated Plaintiff's rights under the Civil Rights Act;

    B. entry of a declaratory order the Defendants' actions violated Plaintiff's rights under the DC Human Rights Act;

    C. entry of a permanent injunction that Defendant shall not retaliate against Plaintiff for her protected activities;

    D. an award for compensatory damages, lost wages and benefits in an amount appropriate to the proof adduced at trial;

    E. reasonable attorney's fees;

    F. costs; and

G. such other and further relief as to this Honorable Court appears just and proper.

**<u>JURY TRIAL DEMANDED</u>**

41. Plaintiffs demand trial by jury on all issues so triable.

             Respectfully submitted,
             /s/ Zachary Wolfe (DC Bar No. 463548)
             People's Law Resource Center
             1725 I Street, NW, Suite 300
             Washington, DC 20006
             (202) 265-5965 – telephone
             (202) 250-6712 – facsimile

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Ryme Katkhouda

//001

## DEFENDANTS
Pacifica Foundation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Zachary Wolfe, Esq.
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
(202) 265-5965

Case: 1:07-cv-02339
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/31/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255*                                                    | ⊚ H. *Employment Discrimination*                                                                                                                                                                              | ○ I. *FOIA/PRIVACY ACT*                                                                                                  | ○ J. *Student Loan*                                                              |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)*                                                                                                                                       | ○ L. *Other Civil Rights (non-employment)*                                                                                                                                                | ○ M. *Contract*                                                                                                                                                                                                                                                                            | ○ N. *Three-Judge Court*                                      |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
⊚ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000e-3 - retaliation and discrimination in violation of the Civil Rights Act

VII. REQUESTED IN COMPLAINT    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ unspecified    Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

VIII. RELATED CASE(S) IF ANY    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 12/31/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.